Also link to DE 231

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **Gerald Fleming et al.,** | ) | No. ED CV10-01487 RGK (OPx) |
| **Plaintiffs,** | ) | **Order RE: Court Trial** |
| v. | ) | |
| **Covidien, Inc. et al.,** | ) | |
| **Defendants.** | ) | |

## I. INTRODUCTION

On August 5, 2010, Plaintiffs Gerald Fleming, Sergio Montenegro, Robert Morales, and Eddie Ramirez, individually and on behalf of all others similarly situated, filed a Complaint against Covidien, Inc. ("Covidien"), Tyco Healthcare Group, L.P.("Tyco," collectively "Defendants"), and other defendants subsequently dismissed form the suit. On May 9, 2011, the Court entered an order certifying Plaintiff's proposed class on a single cause of action, for failure to provide itemized wage statements under California Labor Code § 226. Certification was denied on Plaintiffs' remaining claims and the individual claims were subsequently dismissed following settlement. Presently, Plaintiffs pursue their claims under § 226 as a representative action under the California Private Attorney General Act ("PAGA"). Cal. Lab. Code § 2699.

A bench trial was held on July 28, 2011 and supplemental briefing was received by the parties on August 1, 2011.[1] The Court has reviewed the record and considered all the arguments and evidence presented. Based on the credible evidence and the reasonable inferences drawn from that evidence, the Court finds Plaintiffs have established a violation of § 226 and penalties shall be awarded under PAGA. The Court, in its discretion, orders Defendants to pay $500,000 in penalties, to be apportioned according to PAGA, as well as Plaintiffs' reasonable attorney's fees and costs.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

This opinion serves as the findings of fact and conclusions of law required by Rule 52 of the Federal Rules of Civil Procedure. Any finding of fact that actually constitutes a conclusion of law is adopted as such, and the converse is true as well.

### A. Findings of Fact

1. Plaintiffs Fleming and Morales were employed by Covidien/Tyco during the entire period from July 29, 2009 through and including September 1, 2010.
2. Plaintiffs Montenegro and Ramirez were employed by Covidien/Tyco during a portion of the Class Period from July 29, 2009 through and including September 1, 2010.
3. Defendants Tyco and Covidien employed approximately 956 persons in California for all or a portion of the Class Period from July 29, 2009 through and including September 1, 2010.[2]
4. . Defendants furnished approximately 28,747 earnings statements from July 29, 2009 through and including September 1, 2010 to their California employees.
5. Each earnings statement furnished to Defendants' California employees during the period possessed the following attributes: (a) the statements did not show either an employee

---

[1] Additionally, Defendants moved at the close of trial for judgment on partial findings pursuant to Federal Rule of Civil Procedure 52(c). The Court's factual findings and legal conclusions set out below apply equally to this motion, which is accordingly **denied**.

[2] Covidien and Tyco are each corporate subsidiaries of Tyco International. For the purpose of this action, to the extent these corporate entities exist separately, the Covidien and Tyco are jointly and severally liable for all penalties assessed.

|   |   |   |
|---|---|---|
| 1 |    | identification number or the last four digits of the social security number of the employee; (b) the |
| 2 |    | statements did not show the beginning date of the pay period for which the employee was paid; |
| 3 |    | (c) the statements identified Covidien as the employee's employer. |
| 4 | 6. | Tyco started operating under the business name Covidien in California in 2007. However, Tyco |
| 5 |    | remains the legal entity that employs Plaintiffs and the aforementioned California employees. 7 |
| 6 | 7. | Defendants were unaware that the earning statement attributes mentioned above violated |
| 7 |    | California law. |
| 8 | 8. | There is no evidence that any California employee suffered injury as a result of the |
| 9 |    | aforementioned earning statement attributes. |
| 10 | 9. | On July 29, 2010, Plaintiffs provided written notice to the California Labor & Workforce |
| 11 |    | Development Agency ("LWDA") and to Defendants Tyco and Covidien of their position that the |
| 12 |    | earning statements violated California Labor Code § 226. This notice also identified facts and |
| 13 |    | legal argument in support of Plaintiff's allegations. The LWDA did not notify Plaintiffs of an |
| 14 |    | intent to investigate the allegations contained in the notice within thirty-three days. |
| 15 | 10. | After receiving Plaintiffs' written notice, Defendants made good faith efforts to remedy the |
| 16 |    | identified violations of California Labor Code § 226 for future earning statements. |

**B.    Conclusions of Law**

|   |   |   |
|---|---|---|
| 19 | 1. | The California Labor Code requires that "[e]very employer shall, semimonthly or at the time of |
| 20 |    | each payment of wages, furnish each of his or her employees. . . an accurate itemized statement |
| 21 |    | in writing showing . . . (6) the inclusive dates of the period for which the employee is paid, (7) |
| 22 |    | the name of the employee and his or her social security number, except that by January 1, 2008, |
| 23 |    | only the last four digits of his or her social security number or an employee identification |
| 24 |    | number other than a social security number may be shown on the itemized statement, (8) the |
| 25 |    | name and address of the legal entity that is the employer . . . ." Cal. Lab. Code § 226. |
| 26 | 2. | Between July 29, 2009 and September 1, 2010, Defendants failed to provide their California |
| 27 |    | employees with accurate, itemized wage statements that complied with Labor Code § 226(a). |
| 28 |    | Specifically, each wage statement during the period violated the statute as follows: (a) the |

1  statements failed to include inclusive dates of the period for which the employee was paid, as the
2  beginning date of the period was omitted; (b) the statements failed to include any employee
3  identification number or the last four digits of the employee's social security number; (c) the
4  statements failed to include the name and address of the actual legal entity employing them.
5  3. PAGA allows an "aggrieved employee" to file a representative civil action "on behalf of himself
6  or herself and other current and former employees" to recover civil penalties for violations of the
7  Labor Code that could otherwise be assessed and collected by the LWDA. Cal. Lab. Code §
8  2699(a).
9  4. For purposes of PAGA, an aggrieved employee is any person "who was employed by the alleged
10  violator and against whom one or more alleged violations was committed." Cal. Lab. Code §
11  2699(c). Here, Plaintiffs Fleming, Morales, Montenegro, and Ramirez are aggrieved employees
12  entitled to bring a PAGA action.
13  5. Before bringing an action under PAGA, a plaintiff must provide "written notice by certified mail
14  to the [LWDA] and the employer of the specific provisions of this code alleged to have been
15  violated, including the facts and theories to support the alleged violation." Cal. Lab. Code §
16  2699.3(a)(1). If the LWDA does not communicate whether it intends to investigate the alleged
17  violations to the plaintiff and the employer within 33 days after the notice was sent, plaintiff is
18  free to bring a representative action under PAGA against the employer. Cal. Lab. Code §
19  2699.3(a)(2)(A). Plaintiffs followed the notice requirements, and having received no response
20  from the LWDA within 33 days, properly filed a PAGA action against Defendants.
21  6. PAGA establishes penalties for violations of "all [labor code] provisions except those for which
22  a civil penalty is specifically provided." Cal. Lab. Code § 2699(f). The PAGA penalty provision
23  is applicable in this action. Defendants argue that the provision does not apply here because the
24  labor code elsewhere specifies a penalty for violation of § 226(a). Cal. Lab. Code § 226.3
25  specifies a penalty for a violation of § 226(a) "for which the employer fails to provide the
26  employee a wage deduction statement or fails to keep the records required in subdivision (a) of
27  Section 226." Here, there is no allegation Defendants failed to provide earnings statements or
28  keep required records. Rather, Plaintiffs' action is predicated on Defendants' failure to include

|||
|---|---|
| 1 | information required by the statute in their earnings statements. The Labor Code does not specify |
| 2 | a penalty to be applied for this violation. Thus, the general PAGA penalty provision applies. |
| 3  7. | Under PAGA, the general penalty to be applied for Defendants' wage statement violations is |
| 4 | "one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation . |
| 5 | . . ." Cal. Lab. Code § 2699(f)(2). As Defendants provided 28,000 erroneous wage statements to |
| 6 | California employees during the relevant period, § 2699(f)(2) thus provides for a $2.8 million |
| 7 | penalty to be assessed against Defendants. |
| 8  8. | However, the statute further provides that a penalty amount calculated under § 2699(f) may be |
| 9 | reduced where "based on the facts and circumstances of the particular case, to do otherwise |
| 10 | would result in an award that is unjust, arbitrary and oppressive, or confiscatory." Cal. Lab. Code |
| 11 | § 2699(e)(2). |
| 12  9. | Here, the aggrieved employees suffered no injury due to the erroneous wage statements, and |
| 13 | made no complaint of the errors or omissions contained therein prior to filing suit. Also, |
| 14 | Defendants were not aware that the wage statements violated the law and took prompt steps to |
| 15 | correct all violations once notified. Given these circumstances, the Court finds a $2.8 million |
| 16 | penalty unjust according to § 2699(e)(2). Accordingly, in its discretion, the Court reduces the |
| 17 | penalty to $500,000.[3] |
| 18  10. | Pursuant to § 2699(g)(1), Plaintiffs are entitled to reasonable attorneys fees and costs. A request |
| 19 | for fees may be made on application to the Court within 20 days after this order is issued. |

---

[3]The Court notes that this amount is consistent with an overall penalty of approximately $500 per California employee who received at least one erroneous earnings statement.

5

**III.     CONCLUSION**

For the foregoing reasons, the Court grants judgment for Plaintiffs. Plaintiffs are directed to submit a proposed judgment consistent with these Findings of Fact and Conclusions of Law within 14 days from the entry of this order.

**IT IS SO ORDERED.**

<u>**August 12, 2011**</u>
Date

R. Gary Klausner
U.S. District Court Judge